# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEFFREY COHEN #58021-037 | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-17-216 |
| HARRY M. GRUBER<br>JOYCE McDONALD | * | |
| | * | |
| Defendants | | |

## MEMORANDUM

On June 5, 2015, Jeffrey Cohen, presently incarcerated at the Federal Correctional Institution - Hazelton, entered a plea of guilty before Judge William D. Quarles, Jr. to charges of wire fraud, aggravated identity theft, false statements, and obstructing justice (threatening an attorney). He is serving a 444-month sentence. *See United States v. Cohen,* Criminal No. GLR-14-0310 (D. Md.), ECF 389.[1] The conviction and sentence were upheld on appeal, and the mandate issued on May 17, 2018. *U.S. v. Cohen*, No. 15-4780 (4th Cir. April 25, 2018); ECF 678 (Judgment); ECF 679 (amending opinion); ECF 684 (mandate).

While Cohen's appeal was pending, he filed the above-captioned civil action against two prosecutors in the criminal case, Harry M. Gruber and Joyce McDonald. In his Complaint (ECF 1), Cohen, on behalf of himself and his company, Indemnity Insurance Corporation, Inc. ("IIC"), seeks declaratory and injunctive relief, alleging numerous instances of prosecutorial misconduct. ECF 1-1 at 30.

A stay was entered pending completion of all appellate remedies, and Cohen's Motion for Leave to Proceed in Forma Pauperis was held in abeyance. ECF 4. Appellate review of Cohen's

---

[1] The criminal case has since been reassigned to Judge George L. Russell, III.

conviction is complete. The stay shall be lifted, and Cohen's indigency motion shall be granted.

Mindful that Cohen is a self-represented litigant, the Court has construed his complaint liberally. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *Erickson v. Pardus*, 551 U.S. 89 (2007). Even under this less stringent standard, however, the Complaint is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(iii). By calling his action one for "declaratory relief," Cohen at best is attempting to avoid the previous determination in *Cohen v. Rosenstein, et al.,* Civil Action No. WDQ-14-3726 (D. Md.) that government prosecutors are entitled to absolute prosecutorial immunity. *See also Savage v. United States*, ___ F.3d ___, 2018 WL 3398220, at *4 (4th Cir. July 13, 2018).

Cohen's remaining issues of speedy trial violations and seizure of property were fully resolved in his criminal case. A civil action for damages or injunctive relief with regard to alleged deficiencies in a criminal case, which necessarily challenge the legality of a conviction, are not cognizable unless and until the conviction is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U. S. 477, 486-87, 489 (1994). Cohen's attempt to relitigate the findings with regard to his arrest, conviction, and sentence is not appropriate in this forum, and provides no grounds for relief.

Further, artificial entities, such as corporations and limited liability companies, cannot proceed pro se in this Court. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel" and "that rule applies equally to all artificial entities."); Local Rule 101.1(a) (2016). Because Cohen's company, IIC, is an artificial entity, it may not pursue this action unless and until it is represented by a member of the Bar of this Court.

It, too, shall be dismissed. Cohen's Motion for Summary Judgment (ECF 3) likewise shall be denied.

By separate Order which follows, the Complaint shall be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §1915(e).

Cohen is hereby advised that under 28 U.S.C. §1915(g) he will be barred from in forma pauperis status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Cohen is cautioned that further dismissals may result in imposition of "strikes" under 28 U.S.C. §1915(g).

Date: August 6, 2018 /s/
Ellen L. Hollander
United States District Judge